# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 23, 2014

## STATE OF TENNESSEE v. RICKY NEAL FORSTER, II

### Appeal from the Circuit Court for Blount County
### Nos. C-20641 & C-20642      Tammy M. Harrington, Judge

### No. E2013-01963-CCA-R3-CD - Filed May 6, 2014

Appellant, Ricky Neal Forster, II, pleaded guilty to two counts of theft and received an effective six-year sentence, suspended to probation. A probation violation warrant and an amendment thereto were issued, alleging violations of the terms and conditions of probation by: (1) testing positive for marijuana; (2) using controlled substances; (3) failing to complete a drug rehabilitation program as instructed; (4) failing to make payments toward court costs and restitution; and (5) garnering new criminal convictions. Following a hearing, the trial court revoked appellant's probation, which appellant now claims was an abuse of discretion. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee; Raymond Mack Garner, District Public Defender; and Matthew Elrod, Assistant District Public Defender (at revocation hearing), Maryville, Tennessee, for the appellant, Ricky Neal Forster, II.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Michael L. Flynn, District Attorney General; and Betsy Brockman Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

### A. Procedural History

On March 23, 2012, appellant pleaded guilty to one count of theft of property valued at $500 or more, a Class E felony, and one count of theft of property valued less than $500, a Class A misdemeanor. He received concurrent sentences of six years for felony theft and eleven months, twenty-nine days for misdemeanor theft, and the sentences were suspended to probation following completion of three Knox County sentences he was serving at the time.

The State obtained a probation violation warrant on April 18, 2013. The affidavit in support of the warrant alleged that appellant had failed to complete a drug rehabilitation program at Buffalo Valley as instructed, that he had tested positive for "THC" and had "self-reported abuse of Roxycodone and Morphine," and that he had failed to make a payment toward court costs or restitution. The probation violation warrant was amended on July 1, 2013, based on appellant's being arrested for theft and burglary in Knox County on May 15, 2013.

### B. Facts from Hearing

At the outset of the August 9, 2013 hearing on the probation violation, the parties agreed that appellant was eligible to receive a grant through the Supervised Probation Offender Treatment ("SPOT") program and that he had been placed on waiting lists at several different treatment facilities. The State then introduced certified copies of convictions for two counts of theft of property valued at more than $500 from Knox County, dated June 26, 2013.

The State presented Pamela Upton, appellant's probation officer, as a witness. She began supervising appellant's probation in January 2013 when he was released from the Tennessee Department of Correction ("TDOC"). When appellant first reported, he tested positive for marijuana, so Ms. Upton referred him to an outpatient alcohol and drug program. She instructed appellant to begin outpatient treatment on February 21 and instructed him to report to her the same day. When appellant reported, he stated that he required more intensive treatment than outpatient classes because he had been abusing Morphine and Roxycodone. Accordingly, Ms. Upton referred appellant to their forensic social worker for a rehabilitation evaluation on March 5. After the evaluation, the social worker arranged for appellant to enter treatment at Buffalo Valley on March 11. On that day, he reported to the

-2-

probation office and explained to Ms. Upton that he had medical problems that required "urgent attention at the Health Department," so she postponed his entry date at Buffalo Valley until March 27.

Ms. Upton confirmed that appellant entered treatment at Buffalo Valley as scheduled on March 27. However, on April 1, she received a telephone call from one of the employees there who reported that the staff suspected appellant of having brought drugs into the facility. A search of appellant proved fruitless, so no action was taken at that time. On April 2, a voice mail message awaited on Ms. Upton's telephone, informing her that upon review of security footage, appellant had been discharged from Buffalo Valley for participating in a drug transaction at the facility. Ms. Upton spoke with appellant by telephone that day and advised him that she would seek revocation of his probation. On April 18, appellant contacted Ms. Upton and informed her that he was going to attempt to be admitted to CenterPointe in Knoxville for rehabilitation, but she instructed appellant that he would have to appear in court first to answer for the probation violations.

Ms. Upton explained that from that point forward, she had no further contact with appellant. In fact, she was unaware of his whereabouts until he was arrested in Knoxville on May 17, 2013, on two new theft charges and a burglary charge. He subsequently pleaded guilty to the theft charges and received concurrent sentences of one year each, to serve, that were also concurrent with the sentences in the instant case. Ms. Upton stated that in addition to the Knox County convictions, appellant had also been convicted in Campbell County.

On cross-examination, Ms. Upton clarified that she did not seek a probation violation warrant when appellant tested positive for marijuana or when he self-admitted use of prescription drugs; she only did so when he was discharged from rehabilitation for introducing drugs into the facility. She also emphasized that after appellant's discharge from Buffalo Valley, he "pretty much dropped out of sight." She was going to have him classified as an absconder, but he was arrested in Knoxville before she could do so. When asked if she believed appellant committed the crimes to "feed a drug habit," Ms. Upton responded that she had "no idea."

Appellant testified on his own behalf and stated that he was twenty-nine years of age and that he had earned a GED after being expelled from school in the eleventh grade. When not in custody, appellant was employed as a painter. He testified that he used "any type opiate" he could get and that he became addicted to heroin while in TDOC custody. He recalled that he had used illegal drugs since he was fifteen or sixteen years of age. He explained the circumstances of his discharge from Buffalo Valley and maintained that he was not involved in a drug transaction. Appellant stated that he asked to be drug-tested at Buffalo Valley, but they discharged him instead.

-3-

Appellant admitted that he had violated his probation and stated that he was "in the wrong." He claimed, however, that he had a "serious drug issue" and that his criminal history was due to his "[s]tealing to get high." He asked the trial court to give him another opportunity to succeed at probation because he wanted to change, he "had the right mentality this time," and he was "in the wrong place at the wrong time" at Buffalo Valley. He stated that if he received a sentence of split confinement rather than complete revocation, he would be willing to go to a "halfway house" or submit to more strict supervision after he completed his Knox County sentences.

At the close of the hearing, the trial court found that appellant had violated the terms and conditions of his probation by failing to complete rehabilitation, by abusing narcotics, and by committing new criminal offenses. This appeal follows.

## II. Analysis

Appellant claims that the trial court's revocation of his probation constituted an abuse of judicial discretion. We disagree.

## A. Standard of Review

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of

probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

## B. Alleged Abuse of Discretion

Appellant "acknowledge[s] that he . . . violated the terms of release. He only contests the exercise of the trial court's discretion in determining what to do about the violation." This court has recognized that upon concluding that an appellant violated the terms and conditions of his probation, "[t]he determination of the proper consequence of the . . . violation embodies a separate exercise of discretion." *State v. Darius J. Hunt*, No. E2011-01238-CCA-R3-CD, 2012 WL 952265, at *2 (Tenn. Crim. App. Mar. 20, 2012) (*citing State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007)). Accordingly, our review in this case is limited to the trial court's ordering execution of appellant's original sentence.

In this case, we cannot conclude that the trial court abused its discretion. Appellant tested positive for marijuana within days of his release from confinement. He admitted to illegally using prescription medications. He failed to complete drug rehabilitation as instructed. After leaving Buffalo Valley, appellant failed to maintain contact with his probation officer. In the meantime, he was charged with two counts of theft and one count of burglary, and he entered guilty pleas to the theft counts. Upon this record, we discern ample evidence to support the trial court's ordering appellant to serve his original sentence in confinement.

## CONCLUSION

Based upon the record as a whole, the briefs of the parties, and applicable legal authority, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE